IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRUSHON and DIANE FRUSHON, his wife, | CIVIL ACTION NO. 3:05-CV-1052 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| UNITED STATES DEPARTMENT OF LABOR, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant United States Department of Labor's Motion to Dismiss (Doc. 10-1) pursuant to Federal Rule of Civil Procedure 12(b)(1). For reasons set forth below, the Court will deny the motion without prejudice. Because the Secretary of Labor has not yet determined whether Plaintiffs' claims are covered by the Federal Employee Compensation Act, the Court cannot determine that it has subject matter jurisdiction. Therefore, the case will be stayed pending the Secretary's determination of coverage.

**BACKGROUND**

Plaintiff Joseph Frushon (Frushon), an employee of the Social Security Administration (SSA), was injured by a fall which resulted from his pulling the cage off of a SSA vehicle at the Wilkes-Barre Post Office on May 22, 2003. (Doc. 1, ¶ 6, Doc. 17, p. 3.) Six days after the fall, Frushon visited a physician who authorized a back brace in

1

order to help Frushon recover from his injuries.  (Doc. 1, ¶¶ 14, 15.)  The Defendant Department of Labor allegedly denied this request.  (Doc. 1, ¶ 16.)  The treating physician made a second request for a back brace for Frushon on June 2, 2003, and was again allegedly denied by Defendant.  (Doc. 1, ¶ 17.)   The back brace was later approved by the Department of Labor in mid-July of 2003.  (Doc. 1, ¶ 21.)  The delay in issuing the back brace for Frushon allegedly caused the Plaintiff to suffer permanent damage to his back, and Plaintiff also alleges other medical problems resulting therefrom, *e.g.*, a heart condition.  (Doc. 1, ¶¶ 24, 25.)  An affidavit supplied by Defendant's employee familiar with this matter disputes some of the factual averments made by Plaintiffs in their complaint, specifically the dates on which Defendant responded to Frushon's correspondences, and the content of those letters.  (Doc. 13.)

On May 23, 2005, Plaintiffs filed the civil action complaint claiming negligence and loss of consortium.  (Doc. 1.)  On February 2, 2006, Defendant Department of Labor filed the present Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Doc. 10-1.)  This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action.  FED.R.CIV.P. 12(b)(1).  A defendant may challenge the existence of subject matter jurisdiction in two fashions.  *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

2

Where a defendant attacks the complaint as deficient on its face, the Court must assume that "the allegations contained in the complaint are true." *Id.* However, when the motion to dismiss attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to the allegation included in the plaintiff's complaint. *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F. 3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891). Thus, the Court may weigh all of the available evidence to satisfy itself that subject matter jurisdiction indeed exists. *Id.* It is important to note also that the existence of disputed material facts will not preclude the Court from evaluating the jurisdictional allegations set forth in the complaint. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

When subject matter jurisdication is challenged under Rule 12(b)(1), the plaintiff will bear the burden of persuasion to show that jurisdiction does in fact exist. See *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991) (quoting *Mortensen*, 549 F.2d at 891).

In the instant matter, Defendant has asserted a factual attack on the jurisdictional allegations set forth in Plaintiff's complaint. (Doc. 10-1). Consequently, the Court need not presume the truthfulness of the allegations set forth therein. Moreover, it is proper for the Court to consider all relevant evidence submitted by the parties.

## DISCUSSION

**1.    Exclusivity of Federal Employee Compensation Act**

Congress enacted the Federal Employees' Compensation Act (FECA), 5 U.S.C. §

8101 *et seq.,* to provide an exclusive and comprehensive worker's compensation scheme to federal employees for injuries that are "sustained while in the performance of [their] duty." 5 U.S.C. § 8102(a). The FECA is a federal employee's exclusive remedy for on-the-job injuries. 5 U.S.C. § 8116(c).

The FECA was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act (FTCA), that had been enacted to waive the Government's sovereign immunity. The Supreme Court explained Congress's purpose in enacting § 8116(c) in *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983), noting:

> In enacting this provision, Congress adopted the principal compromise–the "quid pro quo"–commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

*Id.* at 194. Section 8116(c) thus bars an employee who has collected benefits under FECA from subsequently bringing suit against his or her employer for damages under the FTCA.

As the Third Circuit Court of Appeals stated in *DiPippa v. United States*, 687 F.2d 14, 17 (1982), "Where FECA applies, it unambiguously precludes 'all other liability of the United States' either 'under a workmen's compensation statute or under a Federal tort liability statute.' " (quoting 5 U.S.C. § 8116(c)). Moreover, the exclusivity of the FECA remedy does not simply bar a claim when the Secretary of Labor (Secretary) has granted plaintiff benefits under the FECA. It is the existence of FECA coverage itself, and not actual compensation, that bars a tort suit against the government. 5 U.S.C. § 8116(c).

Therefore, once the Office of Workers' Compensation Programs (OWCP)

determines–and the Secretary confirms–that a disability resulted from a work-related injury as defined by the FECA, a claimant is limited to the remedies authorized by the FECA, even if a particular type of damage or consequence the claimant suffered is not compensable under the FECA. *Id.* Only where the Secretary finds that no FECA coverage of a federal employee's injury exists may that employee proceed with an action against the government under the FTCA. In all cases, however, a final coverage determination by the Secretary is necessary before an employee's FTCA claim may proceed.

## 2. Determination of FECA Applicability to Injury Claims

The decision to award FECA benefits is entrusted to the Secretary or his or her designee, whose decision is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b). More succinctly, if a claim is covered by the FECA, a federal court lacks subject matter jurisdiction to entertain the claim. *Id*; *see also Heilman v. United States*, 731 F.2d 1104, 1110 (3d Cir. 1984); *DiPippa*, 687 F.2d at 17.

Where a "substantial question" of FECA coverage exists, federal district courts will not entertain tort claims against the government, and will typically stay proceedings pending final determination of coverage. *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir. 1973); *Somma v. United States*, 283 F.2d 149, 151 (3d Cir. 1960). A "substantial question" exists unless it is certain that the Secretary would find no coverage. *DiPippa*, 687 F.2d at 16. By the same token, however, no reason exists for a district court to stay further action, and thereby retain jurisdiction, where it clearly appears from the allegations

of the complaint that FECA coverage undoubtedly obtains.  In such a case, it is the Secretary, not the courts, who must decide the issue of liability and damages.  *Heilman*, 731 F.2d at 1110.

### 3.     **Frushon's Claims**

In the instant case, the Court finds no evidence in the record to support Frushon's assertion that the Secretary of Labor denied FECA coverage for the additional injuries claimed.  Plaintiffs rely on a letter from the OWCP, dated July 2, 2004 and attached to the Plaintiffs' Memorandum of Law in Opposition to the Defendant's Motion to Dismiss Complaint as Exhibit H, as proof of denial by OWCP of Frushon's claim relative to the additional injuries (Doc. 17, p. 23.)  The Court finds this reliance untenable.  The letter states that "in order for this Office to consider authorization of services for a cardiac condition, please submit rationalized medical evidence to support if/how a cardiac condition is causally related to the 5/22/03 work injury."  The letter continues, "Upon receipt of this information, consideration will be given to expanding the accepted condition to include a cardiac condition if appropriate."  *Id.*  It is clear to the Court that this language does not represent a denial of the Plaintiffs' claim for the additional injuries incurred, as they contend.

The Third Circuit Court of Appeals has not addressed a matter in which the facts are particularly analogous to the facts of the present case.  However, the facts *sub judice* are strikingly similar to those involved in *Noble v. United States*, an Eleventh Circuit Court of Appeals case decided in 2000.  (216 F.3d 1229).  Noble, a former federal employee, brought action against the government under the FTCA, seeking damages for the prolonging of his pain, *inter alia*, that purportedly resulted from the OWCP's tortious delay in authorizing his surgery.  The Court in *Noble* held that the District Court had properly decided that there was a substantial question as to FECA coverage of these subsequent

6

injuries such that a coverage determination by the Secretary of Labor was necessary before Noble's FTCA claims could proceed. Following the OWCP's denial of the claim, and the Secretary's affirmation of that denial, the district court dismissed Noble's FTCA complaint for lack of subject matter jurisdiction, positing that the OWCP's delay in authorizing Noble's surgery–and the injuries allegedly resulting therefrom–fell within FECA's coverage, regardless of the fact that those injuries were uncompensable under the statute's limited remedies. The Court of Appeals agreed with the district court's holding that it lacked subject matter jurisdiction to review the Secretary's determination. This Court agrees with the approach taken by the Eleventh Circuit Court of Appeals.

It is the long-standing practice of the Department of Labor that when the primary injury is shown to have arisen out of, and in the course of employment, every natural consequence that flows from the injury is deemed to arise out of the employment, unless it is the result of an independent intervening cause attributable to the employee's intentional conduct. The burden of proof is on the claimant to present rationalized medical opinion evidence, based on a complete factual and medical background, showing a causal relation between the primary injury and any subsequent injuries arising therefrom. *Kathryn Haggerty*, 45 E.C.A.B. 383 (1994). If the claimant can satisfy this burden, and absent any showing that an employee's intentional conduct attributed to their subsequent injuries, then these injuries necessarily fall within coverage provided by the FECA. This is the situation facing Frushon.

Because it is in the opinion of the Court that there exists a "substantial question" whether FECA coverage exists, these proceedings will be stayed pending final determination of coverage by the Secretary of Labor, and the Defendant's motion to dismiss will be denied without prejudice to being re-filed subsequent to the Secretary's aforesaid determination.

7

**CONCLUSION**

For the above stated reasons, the Court will stay these proceedings pending a final coverage determination under the Federal Employee Compensation Act (FECA) by the Secretary of Labor and the Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure will be denied without prejudice to being re-filed subsequent to the aforesaid determination.

An appropriate Order will follow.

Date: 09/05/2006
        /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH FRUSHON and DIANE FRUSHON, his wife, | |
| Plaintiffs, | CIVIL ACTION NO. 3:05-CV-1052 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES DEPARTMENT OF LABOR, | |
| Defendant. | |

## ORDER

**NOW**, this  5th  day of September, 2006, **IT IS HEREBY ORDERED** that this case is **STAYED** pending a final coverage determination under the Federal Employee Compensation Act by the Secretary of Labor, and the Defendant's Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is **DENIED WITHOUT PREJUDICE** to being re-filed subsequent to the Secretary of Labor's aforesaid determination.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge